**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

UNITED STATES OF AMERICA

v.                                                    No. 1:26-cr-00022-SDN

JOSEPH MAILE

**PROSECUTION VERSION OF THE OFFENSE**

In June and July of 2024, the defendant, Joseph Maile, used a facility and means of interstate commerce, the internet, to solicit and entice sex acts from or with children, including commercial sex acts. Maile used an online communication platform, Snap, also known as Snapchat, to engage in these communications. Snap supports multiple communications, including text chat, video chat, and sending images, short videos and voice memos. A key feature of Snap is the ability to take and send images through the application that will automatically delete from the recipient's device. At all relevant times, Maile was in the state of Maine when making his communications.

**Count 1**

Between about June 20, 2024 and about June 23, 2024, Maile used the Snap application to communicate with Minor A, a 14-year-old female in another state. In the communications, Maile offered Minor A money to "meet up." The context of the conversation was overtly sexual, with Maile telling the girl he was ejaculating on her thighs, in apparent reference to his activity with an image he had of her. Maile also discussed payment, stating that she will get cash in hand before they "do anything," and insisted that he would not pay her until they were in person and face-to-face. Minor A declined and stated she was only 14 years old, to which Maile responded "How much to

1

meet up $1,000?" At this point Minor A sent a voice message reiterating she would not meet up and that she was only 14 years, old, and Maile responded with his own voice message stating "Why not you little slut? You don't want money?" Maile then increased his offer to $1,500.

### Count 2

On about July 1, 2024, Maile used the Snap application to attempt to entice Minor B, who was at the time a 15-year-old girl, to engage in a sexual act for which Maile could be charged with a crime, including the production of child pornography. Maile was in the state of Maine at the time, and the minor child was in another state.

Maile offered Minor B "$500 or $1000" to "meet up," to which Minor B responded by telling Maile she was 11 years old. Maile then offered $2,000 to meet-up "if you're down and pretty enough." Maile told Minor B to make him ejaculate and "show me that tight little p[****] and cute ass," to which Minor B again replied that she 11 years old. Maile responded by asking to see her face, which he indicated would help with his sexual gratification.

### Count 3

Between June 12, 2024, and July 02, 2024, Maile used the Snap application to communicate with another user, Person 1. Person 1 is an adult female born in 1995 living in the greater Bangor area in Maine. In these communications, Person 1 made Maile aware of the ages of her daughters, who were 4 and 8 years old. While appraised of their ages, Maile discussed engaging in a sexual acts with Person 1 and her daughters (Minors C and D). As these conversations progressed, Maile repeatedly offered Person 1 money for him to engage in sex acts with Person 1 and her daughters (Minor C and

2

Minor D).  On June 29, 2024, when propositioning Person 1 to meet for sex with another person of Person 1's choosing, Maile solicited a commercial sex act with Person 1's prepubescent daughter, asking "Well what about your daughter. If she joins I'll give you $1,500 okay?"  Person 1 then reminded Maile "Did I told you to stop with my daughters" (sic).  Maile responded "I thought you just wanted more money.  How much?"

If this case were to proceed to trial, the government would produce:

- Snap records preserving the communications Maile made as described above;
- Testimony from family members of Minors A and B, identifying the minors and confirming their ages and residence, as well as public records certifying dates of birth;
- Testimony of Minor B confirming her communications with Maile and residence in another state at the time;
- Law enforcement and other testimony identifying that recorded voice as Maile's;
- Testimony from Person 1 confirming the communications she had with Maile, and identifying Maile in media he sent to her;
- Records from Snap and from internet service providers associating the subject Snap account with Maile;
- Phone records and other communications linking the phone and email accounts associated with the Snap account to Maile;
- Other media and statements in the Snap communications identifying Maile as the user, including pictures of Maile; and

3

- Expert and law enforcement testimony about the functionality of Snap, how it uses the internet, and how it is often used to take and send contemporaneous images.


Date: June 5, 2026                                    Respectfully submitted,

                                                      ANDREW B. BENSON
                                                      UNITED STATES ATTORNEY

                                                      /s/ **CHRIS RUGE**
                                                      Chris Ruge
                                                      Assistant United States Attorney
                                                      U.S. Attorney's Office
                                                      202 Harlow Street, Room 111
                                                      Bangor, ME 04401
                                                      (207) 945-0373
                                                      chris.ruge@usdoj.gov